IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1715 |
| | § | (CRIMINAL NUMBER H-01-440-01) |
| THOMAS EARL GORDON, JR. | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Thomas Earl Gordon, Jr. (former BOP #13290-179, TDCJ #1380761), has filed a Petition for Relief from Federal Sentence as Provided Under 28 U.S.C. § 2255 ("§ 2255 Motion") (Docket Entry No. 71).[1] The court has carefully reviewed this case. Based on this review, the court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the pending § 2255 Motion will be denied and the corresponding Civil Action (H-18-1715) will be dismissed for the reasons explained below.

**I. Background**

On June 8, 2001, a grand jury returned an Indictment against

---

[1]Although a Civil Action Number has been assigned to the § 2255 Motion, all docket entries referenced are to Criminal No. H-01-440-01. For purposes of identification all page citations refer to the page number imprinted by the court's electronic filing system, CM/ECF.

Gordon, charging him with two counts of possession with intent to distribute five grams or more of a controlled substance commonly known as "crack" cocaine.² After Gordon pled guilty to both counts of the Indictment, the court sentenced him to serve 37 months' imprisonment followed by a five-year term of supervised release.³ Gordon did not appeal.

Gordon alleges that, shortly after he completed his 37-month prison sentence, he was charged with a felony in Texas state court in 2005.⁴ Public records confirm that Gordon is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a pair of state court convictions for aggravated robbery (Harris County Cause No. 1040861) and possession of a controlled substance (Fort Bend County Cause No. 42444), which he committed in 2005.⁵ Because he committed those state court offenses while on supervised release, Gordon alleges that a detainer has been lodged against him for violating the terms of his federal supervision.⁶

Gordon contends that the detainer has hindered his ability to

---

²Indictment, Docket Entry No. 1, pp. 1-2.

³January 17, 2002, Judgment, Docket Entry No. 52, pp. 1-3.

⁴§ 2255 Motion, Docket Entry No. 71, p. 1.

⁵See Texas Department of Criminal Justice Offender Information, located at: http://offender.tdcj.texas.gov (last visited June 5, 2018).

⁶§ 2255 Motion, Docket Entry No. 71, p. 1.

participate in rehabilitative programs and his eligibility for parole from state prison.[7] Citing the detainer as an obstacle to his release from state custody, Gordon now seeks relief under 28 U.S.C. § 2255 and the "Fair Sentencing Act of 2010," which authorized a reduction in sentences imposed for certain offenders convicted of offenses involving crack cocaine.[8] Arguing that his sentence of supervised release was "excessive," Gordon requests a "nunc pro tunc order" or judgment that would allow the remaining term of his supervised release to run concurrently with the term of his state court sentence of incarceration, of which he has served more than 12 years.[9]

## II. Discussion

### A. The Motion is Untimely

Assuming that a motion under 28 U.S.C. § 2255 is the appropriate avenue for relief,[10] such motions are subject to a one-year statute of limitation, which begins to run from the latest of the following dates:

---

[7]Id.

[8]Id.

[9]Id. at 2.

[10]Ordinarily, "[r]elief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Gordon does not assert facts showing that his request for relief is timely under any of these provisions. To the extent that Gordon seeks relief based on a change in the law found in the Fair Sentencing Act, which took effect on August 3, 2010, his time to seek relief under § 2255(f)(4) expired one year later on August 3, 2011, at the latest. Therefore, Gordon's § 2255 Motion is untimely.

**B.  The Motion Lacks Merit**

More importantly, Gordon does not show that he is entitled to relief. Because Gordon was sentenced well before the Fair Sentencing Act was enacted on August 3, 2010, its provisions do not apply to him. See <u>Dorsey v. United States</u>, 132 S. Ct. 2321, 2328-36 (2012) (holding that the Fair Sentencing Act's provisions only apply to defendants sentenced after the effective date of August 3,

-4-

2010); United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively to defendants sentenced before the effective date).

To the extent that the United States Sentencing Commission subsequently amended the guidelines, lowering the sentencing range for certain drug offenses to conform to the Fair Sentencing Act, Gordon's § 2255 Motion could be construed to arise under 18 U.S.C. § 3582(c)(2), which authorizes a district court to modify a previously imposed "term of imprisonment" where certain criteria are met. However, because Gordon has already discharged the term of imprisonment imposed in this case, the remedy found in § 3582(c)(2) does not provide him any relief and does not authorize a reduction in the term of supervised release. See United States v. Guess, 541 F. Supp. 2d 399, 405 (D. Me. 2009) (concluding that "Congress's use of the phrase 'term of imprisonment,' rather than the term 'sentence,' to describe what a judge can reduce under § 3582(c)(2) is a deliberate choice that precludes reducing a term of supervised release under that provision").

In support of his request for a judgment nunc pro tunc Gordon appears to argue that he is entitled to credit for time spent in official detention pursuant to 18 U.S.C. § 3585(b).[11] This provision, however, only authorizes credit towards a term of imprisonment if a defendant has been detained "prior to the date

---

[11]§ 2255 Motion, Docket Entry No. 71, p. 2.

the sentence commences" and the time spent in custody "has not been credited against another sentence." 18 U.S.C. § 3585(b); United States v. Wilson, 112 S. Ct. 1351 (1992). Because the time Gordon has spent in state prison is being credited towards a state court sentence that was imposed well after his federal sentence commenced, § 3585(b) does not apply.

Gordon has not invoked any other authority in support of his motion. Likewise, he has not shown that the alleged violation of his supervised release is invalid or that the resulting detainer was lodged against him improperly. Gordon's allegation that the detainer has impaired his ability to participate in rehabilitative programs or his eligibility for parole does not state an actionable claim. See Goodrum v. Quarterman, 547 F.3d 249, 264-65 (5th Cir. 2008); see also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) (explaining that Texas prisoners have no liberty interest in obtaining parole). Therefore, Gordon does not articulate any viable grounds for relief.

Because Gordon has not established a valid claim for relief, his § 2255 Motion will be denied.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless

the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because Gordon does not allege facts showing that his claims could be resolved in a

different manner, a certificate of appealability will be denied.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for Relief from Federal Sentence as Provided Under 28 U.S.C. § 2255 filed by Thomas Earl Gordon, Jr. (Docket Entry No. 71) is **DENIED**, and this civil action is **DISMISSED with prejudice.**

2. A certificate of appealability is **DENIED.**

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this the 6th day of June, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE